UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO. 11-127-FJP-DLD

NDEM ODUU

## OPINION

The defendant, Ndem Oduu, has filed his second motion to have his detention order reconsidered.[1] The United States has filed an opposition to the motion.[2] For reasons which follow, the Court finds that no hearing is required, and the orders issued by the two Magistrate Judges which detained the defendant are hereby affirmed.

After the defendant was arrested, he was given a bond hearing by United States Magistrate Judge Christine Noland on September 23, 2011. Magistrate Judge Noland found the defendant to be a flight risk and a danger to the community and ordered Oduu detained. The grand jury for the Middle District of Louisiana indicted the defendant on October 6, 2011, for possessing 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) and possession without lawful authority of more than one means of identification of another person with the intent to commit unlawful

---

[1] Rec. Doc. No. 18.

[2] Rec. Doc. No. 21.

Doc#47635

activity in violation of 18 U.S.C. § 1028(a)(7).

The defendant appeared before United States Magistrate Judge Stephen C. Riedlinder on October 7, 2011, for an initial appearance and arraignment. At this hearing, the defendant moved to reopen the issue of detention. Magistrate Judge Riedlinger set the hearing on defendant's motion to reconsider on October 14, 2011. At this hearing, the defendant failed to produce any new information that was not known at his initial hearing. Magistrate Judge Riedlinger held that the defendant failed to present grounds under 18 U.S.C. § 3142(f)(2)(B) to reopen the detention hearing. Magistrate Judge Riedlinger did allow the parties to make a proffer of evidence for the purpose of appealing the decisions of the Magistrate Judges.

The Court has now reviewed the evidence presented at the two hearings conducted by the Magistrate Judges and finds the orders of detention issued in this case were based on the law and facts of this case and such detention orders are hereby affirmed.

In his second application for a review of the detention hearings, the defendant offers the same reasons which he presented at the two hearings conducted by the Magistrate Judges: (1) a lack of prior convictions; (2) military service; (3) family in Texas and his enrollment in an online university; and (4) his wife's employment. Since these were the same grounds presented before the Magistrate Judges, there is no reasons for the Court to have

another detention hearing. However, the Court has reviewed the evidence presented before the two Magistrate Judges and finds the orders of detention were properly issued under the facts of this case and should be affirmed.

A review of the evidence presented in the proffer clearly shows the defendant has not been totally truthful with the Court in several important issues. The company defendant claimed he was working for was dissolved some time ago. The defendant claims he was working for a new company that his wife did not even know about. The defendant was initially a citizen of Nigeria and still has family there. It is very important to note and emphasize that the defendant had two airline tickets already purchased to return to Nigeria. The amount of false credit cards the defendant had in his possession was worth more than $27,000. The evidence in the record indicated he probably had access to more funds based on the number of innocent victims' names he had in his possession. The defendant also had five false driver's licenses in his possession from the State of Georgia. While the defendant wants the Court to consider his "clear record," the evidence shows the defendant has been arrested for at least two crimes. Defendant seeks to have the Court rely on his military service. However, the defendant failed to tell the Court he did not receive an honorable discharge but received a general discharge because of illegal activities committed by him while on duty.

Because of the type of crimes the defendant has been charged with and the fact that he in all probability has more access to information that would allow the defendant to file more false tax returns and obtain more prepaid debit cards, the Court also finds that he is an economic risk.

The Court finds that the record is clear that the defendant is a flight risk and a danger to the community both from an economic standpoint and his ability to commit more crimes in the future. The Court also finds that the defendant has misrepresented facts to the Court about his personal employment and military service. These facts clearly show that the Magistrate Judges were correct in ordering the defendant detained.

After reviewing the record, the Court also finds the defendant should be detained, and the detention orders of the Magistrate Judges shall be AFFIRMED.

IT IS SO ORDERED.

Baton Rouge, Louisiana, December 15, 2011.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE