UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 11-127-FJP-DLD

NDEM ODUU

## **RULING AND ORDER**

The defendant has filed a request to represent himself.[1] Before the Court can allow him to represent himself, the Court must conduct a hearing and advise the defendant of his rights to counsel and make sure the defendant knowingly, voluntarily, and intelligently agrees to waive counsel and represent himself.

Therefore;

IT IS ORDERED that hearing is set for June 21, 2012, at 1:30 p.m., in Courtroom 3. The U.S. Marshal shall produce the defendant for the hearing. Current counsel of record for the defendant and the Assistant U.S. Attorney of record shall be present for the hearing.

Insofar as some of the allegations made by the defendant in his letter, the Court finds that the record in this case is **very clear** that the defendant was fully advised of his rights, answered the Court's questions under oath, advised the Court under oath that he understood all of his rights and was guilty of the crimes he

---

[1] Rec. Doc. No. 48.

USCA, USM , Defendant

pled guilty to. Furthermore, the defendant stated under oath that he was thoroughly satisfied with his attorney, had no objections to the work his attorney performed on his behalf prior to his plea and at the time of the plea. The defendant also stated under oath that he did not need any additional legal advice from his attorney and was satisfied with the legal advice he received from his attorney.

Since the defendant testified under oath that he understood his rights, and knowingly, voluntarily, and intelligently entered his plea and was satisfied with the representation he received from his attorney, he will not be allowed to withdraw that sworn testimony in an attempt to withdraw his guilty plea. Once a defendant enters a guilty plea, he waives all objections to any Fourth Amendment search and seizure issues. Whether counsel evaluated the testimony of the witnesses or not, the defendant testified under oath that he was guilty of the crimes he was pleading guilty to and admitted under oath the facts submitted by the United States which provided the factual basis for the Court to accept the defendant's guilty plea and also satisfied the elements required for the Court to find the defendant guilty.

Therefore, the allegations the defendant has made in his letter to the Court seeking to represent himself are without merit as a matter of law under the facts of this case, particularly the sworn testimony of the defendant.

The defendant's actions in disagreeing with the Court and his

attorney in this case are nothing more than an attempt by the defendant to delay these proceedings and interfere with the orderly procedures the Court must follow in accepting a guilty plea. The Court meticulously followed the provisions of Rule 11 of the Federal Rules of Criminal Procedure in accepting defendant's guilty plea. The defendant was warned that he was under oath and had to tell the truth. An oath does mean something in federal Court, and when a party testifies under oath, he is bound by the testimony he gives to the Court at that time.

Furthermore, the complaints about whether the United States had debit cards and photographs are without merit since the defendant admitted under oath the facts on which the Court relied to accept his guilty plea and to describe how the crimes were committed.

To the extent that the defendant seeks to take depositions under Rule 15 of the Federal Rules of Criminal Procedure, the defendant has failed to set forth sufficient reasons for the Court to allow the defendant to take depositions and engage in a fishing expedition when he has already pled guilty and is waiting to be sentenced.

Therefore, to the extent the defendant seeks to withdraw his guilty plea, the motion is denied.

IT IS FURTHER ORDERED that a hearing be set for June 21, 2012, at 1:30 p.m., for the Court to determine whether the defendant can

3

proceed pro se.

IT IS FURTHER ORDERED that the Court reserves to the defendant the right to file a post-conviction motion if such is permitted under his plea agreement after the defendant is sentenced in this case.

IT IS FURTHER ORDERED that defendant's request to take depositions is denied.

Baton Rouge, Louisiana, May 16, 2012.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA