UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 11-127-FJP-DLD

NDEM ODUU

## RULING

The defendant has filed a motion to recuse this judge[1] and an amended motion to recuse this judge.[2] Included in defendant's amended motion to recuse is a motion to withdraw his guilty plea.[3] The United States has filed an opposition[4] to the original motion to recuse. The Court finds defendant's motions to recuse should be and are hereby denied. The Court also finds that defendant's motions to withdraw his guilty plea should be denied.[5]

Ndem Oduu seeks to recuse me in this case based on 28 U.S.C. § 455 for alleged statements I made during hearings on the numerous motions defendant has filed pro se and when he was

---

[1]Rec. Doc. No. 74.

[2]Rec. Doc. No. 79.

[3]Rec. Doc. No. 79.

[4]Rec. Doc. No. 78.

[5]Rec. Doc. Nos. 58 and 79.

represented by an attorney.[6]

It is clear from a review of the record that this Judge has done everything possible to warn the defendant of the dangers of representing himself. Defendant complains about certain statements the Court allegedly made in ruling on the motions and advising him of his rights. The problem with the defendant is if he does not agree with the Court's rulings or warnings, he believes the Court is prejudiced. Should one read the record in this case, it is clear that my impartiality cannot be reasonably questioned because of my rulings and other statements made during Court proceedings. The United States Supreme Court has made it very clear in *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), that a judge's disqualification is not required if the judge is basing his statements upon the facts he has learned from presiding in the case. In fact, it is clear from the *Likety* case that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[7] The general rule is that remarks a judge may make during the course of a hearing or trial or in rendering opinions based on what the judge has observed, heard, or read do not warrant disqualification. Therefore, defendant's motions to recuse are denied.

---

[6]The defendant has fired two attorneys.

[7]*Liteky*, at 555.

2

The Court has previously ruled that there was no basis in law or fact to allow the defendant to withdraw his guilty plea.[8] Defendant also filed a motion for reconsideration of this ruling.[9] Because the defendant had taken an appeal and the record was in the Fifth Circuit, the Court will once again address whether defendant can withdraw his guilty plea.

As noted earlier, the defendant was placed under oath, admitted he understood his rights, and made a knowing, voluntary, and intelligent decision with the advice of his attorney, to plead guilty and admitted his guilt under oath. The Court hereby adopts its ruling on defendant's request to withdraw his guilty plea and attaches the opinion as Exhibit 1 to this ruling.

Therefore;

IT IS ORDERED that defendant's motions to recuse this Judge and to withdraw his guilty plea are hereby denied.

Baton Rouge, Louisiana, August 15, 2012.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[8] Rec. Doc. No. 51.

[9] Rec. Doc. No. 58.

Exhibit 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                     CRIMINAL NO. 11-127-FJP-DLD

NDEM ODUU

### RULING AND ORDER

The defendant has filed a request to represent himself.[1] Before the Court can allow him to represent himself, the Court must conduct a hearing and advise the defendant of his rights to counsel and make sure the defendant knowingly, voluntarily, and intelligently agrees to waive counsel and represent himself.

Therefore;

IT IS ORDERED that hearing is set for June 21, 2012, at 1:30 p.m., in Courtroom 3. The U.S. Marshal shall produce the defendant for the hearing. Current counsel of record for the defendant and the Assistant U.S. Attorney of record shall be present for the hearing.

Insofar as some of the allegations made by the defendant in his letter, the Court finds that the record in this case is **very clear** that the defendant was fully advised of his rights, answered the Court's questions under oath, advised the Court under oath that he understood all of his rights and was guilty of the crimes he

---

[1] Rec. Doc. No. 48.

pled guilty to. Furthermore, the defendant stated under oath that he was thoroughly satisfied with his attorney, had no objections to the work his attorney performed on his behalf prior to his plea and at the time of the plea. The defendant also stated under oath that he did not need any additional legal advice from his attorney and was satisfied with the legal advice he received from his attorney.

Since the defendant testified under oath that he understood his rights, and knowingly, voluntarily, and intelligently entered his plea and was satisfied with the representation he received from his attorney, he will not be allowed to withdraw that sworn testimony in an attempt to withdraw his guilty plea. Once a defendant enters a guilty plea, he waives all objections to any Fourth Amendment search and seizure issues. Whether counsel evaluated the testimony of the witnesses or not, the defendant testified under oath that he was guilty of the crimes he was pleading guilty to and admitted under oath the facts submitted by the United States which provided the factual basis for the Court to accept the defendant's guilty plea and also satisfied the elements required for the Court to find the defendant guilty.

Therefore, the allegations the defendant has made in his letter to the Court seeking to represent himself are without merit as a matter of law under the facts of this case, particularly the sworn testimony of the defendant.

The defendant's actions in disagreeing with the Court and his

attorney in this case are nothing more than an attempt by the defendant to delay these proceedings and interfere with the orderly procedures the Court must follow in accepting a guilty plea. The Court meticulously followed the provisions of Rule 11 of the Federal Rules of Criminal Procedure in accepting defendant's guilty plea. The defendant was warned that he was under oath and had to tell the truth. An oath does mean something in federal Court, and when a party testifies under oath, he is bound by the testimony he gives to the Court at that time.

Furthermore, the complaints about whether the United States had debit cards and photographs are without merit since the defendant admitted under oath the facts on which the Court relied to accept his guilty plea and to describe how the crimes were committed.

To the extent that the defendant seeks to take depositions under Rule 15 of the Federal Rules of Criminal Procedure, the defendant has failed to set forth sufficient reasons for the Court to allow the defendant to take depositions and engage in a fishing expedition when he has already pled guilty and is waiting to be sentenced.

Therefore, to the extent the defendant seeks to withdraw his guilty plea, the motion is denied.

IT IS FURTHER ORDERED that a hearing be set for June 21, 2012, at 1:30 p.m., for the Court to determine whether the defendant can

3

proceed pro se.

IT IS FURTHER ORDERED that the Court reserves to the defendant the right to file a post-conviction motion if such is permitted under his plea agreement after the defendant is sentenced in this case.

IT IS FURTHER ORDERED that defendant's request to take depositions is denied.

Baton Rouge, Louisiana, May 16, 2012.

                                                            *[signature]*
                                                            FRANK J. POLOZOLA
                                                            MIDDLE DISTRICT OF LOUISIANA